1
2
3
4
5
6          UNITED STATES DISTRICT COURT

7          EASTERN DISTRICT OF CALIFORNIA

8

9   NATIONAL RAILROAD PASSENGER      )    1:07-cv-1639 OWW GSA
    CORPORATION,                     )
10                                   )    SCHEDULING CONFERENCE ORDER
                    Plaintiff,       )
11                                   )    Discovery Cut-Off: 12/1/08
         v.                          )
12                                   )    Non-Dispositive Motion
    PR FARMS, MOISES MADRIGAL,       )    Filing Deadline: 12/15/08
13                                   )
                    Defendants.      )    Dispositive Motion Filing
14                                   )    Deadline: 12/30/08
    _____)
15                                        Settlement Conference Date:
                                          12/9/08 10:00 Ctrm. 10
16
                                          Pre-Trial Conference
17                                        Date: 3/9/09 11:00 Ctrm. 3

18                                        Trial Date:  4/21/09 9:00
                                          Ctrm. 3 (JT-4 days)
19

20

21  I.   Date of Scheduling Conference.

22       February 21, 2008.

23  II.  Appearances Of Counsel.

24       Lombardi, Loper & Conant, LLP by B. Clyde Hutchinson, Esq.,

25  appeared on behalf of Plaintiff.

26       Cooper & Hoppe by Theodore W. Hoppe, Esq., appeared on

27  behalf of Defendants.

28  ///

                              1

III.  Summary of Pleadings.

   1.    On September 14, 2005, at the intersection of Avenue 7
and the BNSF Railway Company railroad tracks in the County of
Madera, California, a farm tractor pulling a trailer with a water
tank collided with a train owned and operated by National
Railroad Corporation ("Amtrak").  The farm tractor and trailer
was owned by Defendant PR Farms and was operated by PR Farms'
employee, Moises Madrigal.

   2.    Amtrak claims that the collision was the result of
Defendants' negligence and seeks $99,820.72 in property damages
to its train and $11,900 for the loss of use of its locomotive,
loss of business and service interruptions.

IV.  Orders Re Amendments To Pleadings.

   1.    The parties do not presently contemplate amending the
pleadings.

V.   Factual Summary.

   A.   Admitted Facts Which Are Deemed Proven Without Further
Proceedings.

       1.    A collision between a farm tractor and a train
occurred on September 14, 2005.

       2.    The collision occurred at the intersection of
Avenue 7 and the BNSF Railway Company railroad tracks in Madera
County, California.

       3.    PR Farms owns the farm tractor and trailer
involved in the collision.

       4.    Amtrak owns and operates the train involved in the
collision.

       5.    BNSF Railway Company owns and maintains the

1  railroad right of way, the railroad tracks and the train

2  activated warning signals at the involved crossing.

3     6.   Defendant Moises Madrigal was employed by PR Farms

4  at the time of the accident and was acting in the course and

5  scope of his employment when the accident occurred.

6     7.   Madrigal was the driver of the farm tractor at the

7  time of the collision.

8     8.   National Railroad Passenger Corporation is a

9  District of Columbia Corporation that does business in the Fresno

10 Division of the Eastern District of California.

11    9.   PR Farms is a California corporation doing

12 business in the Eastern District of California.

13    10.  Moises Madrigal, at the time of the events at

14 dispute, was a resident of the Eastern District of California.

15 B.   Contested Facts.

16    1.   Whether Madrigal was negligent.

17    2.   Whether Madrigal's negligence was a legal cause of

18 the collision.

19    3.   Whether Amtrak was negligent.

20    4.   Whether Amtrak's negligence was a legal cause of

21 the collision.

22    5.   The nature and amount of Amtrak's damages.

23 VI.  Legal Issues.

24 A.   Uncontested.

25    1.   Jurisdiction exists under 28 U.S.C. § 1331.

26    2.   Venue is proper under 28 U.S.C. § 1391.

27    3.   To the extent that preemption does not make

28 Federal substantive law applicable, the parties agree that the

substantive law of the State of California provides the rule of
decision.

   B.   Contested.

       1.   Federal preemption.

       2.   Whether liability exists under the Federal Highway
Safety Act or other Federal law.

VII. Consent to Magistrate Judge Jurisdiction.

   1.   The parties have not consented to transfer the
case to the Magistrate Judge for all purposes, including trial.

VIII.     Corporate Identification Statement.

   1.   Any nongovernmental corporate party to any action in
this court shall file a statement identifying all its parent
corporations and listing any entity that owns 10% or more of the
party's equity securities.  A party shall file the statement with
its initial pleading filed in this court and shall supplement the
statement within a reasonable time of any change in the
information.

IX.  Discovery Plan and Cut-Off Date.

   1.   The parties are ordered to make their initial
disclosures on or before February 29, 2008.

   2.   The parties are ordered to complete all non-expert
discovery on or before September 15, 2008.

   3.   The parties are directed to disclose all expert
witnesses, in writing, on or before October 1, 2008.  Any
supplemental or rebuttal expert disclosures will be made on or
before November 3, 2008.  The parties will comply with the
provisions of Federal Rule of Civil Procedure 26(a)(2) regarding
their expert designations.  Local Rule 16-240(a) notwithstanding,

4

the written designation of experts shall be made pursuant to F.
R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all
information required thereunder.  Failure to designate experts in
compliance with this order may result in the Court excluding the
testimony or other evidence offered through such experts that are
not disclosed pursuant to this order.

4.   The parties are ordered to complete all discovery on or
before December 1, 2008.

5.   The provisions of F. R. Civ. P. 26(b)(4) shall
apply to all discovery relating to experts and their opinions.
Experts may be fully prepared to be examined on all subjects and
opinions included in the designation.  Failure to comply will
result in the imposition of sanctions.

X.   Pre-Trial Motion Schedule.

1.   All Non-Dispositive Pre-Trial Motions, including any
discovery motions, will be filed on or before December 15, 2008,
and heard on January 16, 2009, at 9:00 a.m. before Magistrate
Judge Gary S. Austin in Courtroom 10.

2.   In scheduling such motions, the Magistrate
Judge may grant applications for an order shortening time
pursuant to Local Rule 142(d).  However, if counsel does not
obtain an order shortening time, the notice of motion must comply
with Local Rule 251.

3.   All Dispositive Pre-Trial Motions are to be
filed no later than December 30, 2008, and will be heard on
February 2, 2009, at 10:00 a.m. before the Honorable Oliver W.
Wanger, United States District Judge, in Courtroom 3, 7th Floor.
In scheduling such motions, counsel shall comply with Local Rule

5

230.

XI.  Pre-Trial Conference Date.

    1.  March 9, 2009, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.  The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

    3.  Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.

XII. Trial Date.

    1.  April 21, 2009, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.  This is a jury trial.

    3.  Counsels' Estimate Of Trial Time:

        a.  4 days.

    4.  Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

XIII.    Settlement Conference.

    1.  A Settlement Conference is scheduled for December 9, 2008, at 10:00 a.m. in Courtroom 10 before the Honorable Gary s. Austin, United States Magistrate Judge.

    2.  Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons

having full authority to negotiate and settle the case on any
terms at the conference.

3.    Permission for a party [not attorney] to attend
by telephone may be granted upon request, by letter, with a copy
to the other parties, if the party [not attorney] lives and works
outside the Eastern District of California, and attendance in
person would constitute a hardship.  If telephone attendance is
allowed, the party must be immediately available throughout the
conference until excused regardless of time zone differences.
Any other special arrangements desired in cases where settlement
authority rests with a governing body, shall also be proposed in
advance by letter copied to all other parties.

4.    Confidential Settlement Conference Statement.
At least five (5) days prior to the Settlement Conference the
parties shall submit, directly to the Magistrate Judge's
chambers, a confidential settlement conference statement.  The
statement should not be filed with the Clerk of the Court nor
served on any other party.  Each statement shall be clearly
marked "confidential" with the date and time of the Settlement
Conference indicated prominently thereon.  Counsel are urged to
request the return of their statements if settlement is not
achieved and if such a request is not made the Court will dispose
of the statement.

5.    The Confidential Settlement Conference
Statement shall include the following:

a.    A brief statement of the facts of the
case.

b.    A brief statement of the claims and

defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

        c.   A summary of the proceedings to date.

        d.   An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

        e.   The relief sought.

        f.   The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

XIV. Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

    1.   None.

XV.  Related Matters Pending.

    1.   There are no related matters.

XVI. Compliance With Federal Procedure.

    1.   The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

XVII.    Effect Of This Order.

    1.   The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is

1  specifically reserved for this case.  If the parties determine at

2  any time that the schedule outlined in this order cannot be met,

3  counsel are ordered to notify the court immediately of that fact

4  so that adjustments may be made, either by stipulation or by

5  subsequent scheduling conference.

6      2.   Stipulations extending the deadlines contained

7  herein will not be considered unless they are accompanied by

8  affidavits or declarations, and where appropriate attached

9  exhibits, which establish good cause for granting the relief

10 requested.

11     3.   Failure to comply with this order may result in

12 the imposition of sanctions.

13

14 IT IS SO ORDERED.

15 Dated: __February 21, 2008__          _____/s/ Oliver W. Wanger_____
                                        UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28